IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**PAUL WARREN ROBINSON**                                          **PLAINTIFF**

**v.**                                            **CIVIL ACTION NO. 5:20-cv-37-DCB-MTP**

**JODY BRADLEY and TERRY DANIEL**                                 **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Motion for Summary Judgment [22] filed by Defendants Jody Bradley and Terry Daniel. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Motion for Summary Judgment [22] be GRANTED and this action be DISMISSED with prejudice.

## BACKGROUND

On February 10, 2020, Plaintiff Paul Warren Robinson, proceeding *pro se* and *in forma pauperis*, filed his complaint pursuant to 42 U.S.C. § 1983. Plaintiff's claims arise from events which occurred while he was incarcerated as a post-conviction inmate at the Wilkinson County Correctional Facility ("WCCF"). In his complaint and as clarified in his testimony at the *Spears*[1] hearing, Plaintiff alleges that he is a medium custody inmate and arrived at WCCF in November of 2017. Plaintiff alleges that, on numerous occasions, the facility was placed on "lockdown" for long periods of time, sometimes lasting thirty to forty days and once lasting seventy days. According to Plaintiff, during these lockdown periods, he is confined to his cell twenty-four hours as day, except when he is able to convince the officers to allow him to shower. Plaintiff asserts that, pursuant to Mississippi Department of Corrections ("MDOC") policy, medium

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

custody inmates should not be housed under lockdown. Plaintiff alleges that Defendants were in positions of authority, were aware of the long lockdown periods, and approved of the lockdowns

As relief, Plaintiff seeks compensatory and punitive damages, as well as injunctive relief in the form of an order prohibiting Defendants from housing medium custody inmates under lockdown.

On March 24, 2021, Defendants filed a Motion for Summary Judgment [22] arguing that Plaintiff's claims fail as a matter of law. Plaintiff did not respond to the Motion and the time of doing so has long since expired.

## STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation and internal quotation marks omitted). The nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)). "An issue is 'genuine' if the evidence is sufficient for a reasonable [fact-finder] to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (citation omitted).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson*

*Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)).  When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party."  *Sierra Club, Inc.*, 627 F.3d at 138.  However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial."  *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citation omitted). Summary judgment is mandatory "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

## ANALYSIS

Plaintiff's allegations implicate the Eighth Amendment's prohibition against cruel and unusually punishment and the due process protections afforded by the Fourteenth Amendment. Neither the Supreme Court nor the Fifth Circuit Court of Appeals has held that prisoners have a *per se* constitutional right to out-of-cell exercise or recreation. *See Callicut v. Panola County Jail*, 200 F.3d 816, 1999 WL 1095663 at *3 (5th Cir. 1999); *Green v. Ferrell*, 801 F.2d 765, 771-72 (5th Cir. 1986); *Jones v. Diamond*, 594 F.2d 997, 1013 (5th Cir. 1979).  In order to demonstrate that prison officials violated the Eighth Amendment, Plaintiff must establish that the official was deliberately indifferent to a substantial risk of serious harm. *Palmer v. Johnson*, 193 F.3d 346, 351-52 (5th Cir. 1999).  Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). The test for establishing

deliberate indifference is "one of subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Not all unpleasant conditions of confinement amount to cruel and unusual punishment. "To the extent such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "[T]he Constitution does not mandate comfortable prisons, and prisons…cannot be free of discomfort." *Id*. at 349. Only those conditions which are "inhuman and barbaric" and deny an inmate of "the minimal measure of life's necessities" violate the Eighth Amendment. *Palmer*, 193 F.3d at 352.

In support of the Motion [22], Defendant Terry Daniel submitted an affidavit, stating that: "Emergency situations that pose a potential threat to the safety, security, and/or health of inmates and staff sometimes arise that require all or a portion of the facility to be placed on administrative lockdown." *See* [22-3] at 1.  Defendants provided the lockdown reports for WCCF, and the record demonstrates that the prison was placed on lockdown at various times due to events such as inmate violence, the discovery of contraband, and an influenza outbreak. *See* [23] at 4-7; [22-6].  Additionally, on multiple occasions, MDOC placed all of the correctional facilities within the state on lockdown. *Id*.

Security considerations are uniquely within the professional expertise of corrections officials and are generally entitled to deference absent substantial evidence to indicate officials exaggerated their response to these considerations. *See Bell v. Wolfish*, 441 U.S. 520, 546-47 (1979).  Plaintiff has not shown that the lockdown measures taken at WCCF were unnecessary to preserve order and security.

Moreover, Plaintiff has failed to demonstrate that Defendants were deliberately indifferent to his health or safety. Plaintiff alleges, and the record confirms, that there were intermittent periods during which WCCF was placed on lockdown. Plaintiff, however, does not allege that he was unable to move around or exercise in his cell, and he has not shown that he suffered a serious injury or was placed at substantial risk of serious harm. *See Hernandez v. Velasquez*, 522 F.3d 556, 560-61 (5th Cir. 2008) (holding that inmate's Eighth Amendment rights were not violated by being placed on lockdown for thirteen months without outdoor exercise, even with evidence of muscle atrophy, loss of range of movement, and depression, because the inmate suffered no serious illness or injury and could not demonstrate deliberate indifference); *Boykin v. Bridge*, 2014 WL 1714494, at *6 (N.D. Tex. Mar. 3, 2014) ("Plaintiff has not demonstrated that limited recreation time, or even a complete absence of recreation time for 310 days, violated his eighth Amendment rights."); *Umonday v. Ginsel*, 426 Fed. Appx. 267, 269 (5th Cir. 2011) (holding that plaintiff's allegation that he was deprived of out-of-cell recreation for approximately twenty-five days was insufficient to even state a claim under the Eighth Amendment or the Fourteenth Amendment). Accordingly, Plaintiff claim under the Eighth Amendment should be dismissed.

Turing to the due process claim, Plaintiff must establish that Defendants' action deprived him of a liberty interest protected by the Fourteenth Amendment. *Meachum v. Fano*, 427 U.S. 215, 223 (1976). In determining whether there has been a due process violation, courts consider (1) whether the party was deprived of a liberty or property interest protected by the Due Process Clause and, if so, (2) whether the party was deprived of that protected interest without constitutionally adequate process. *LaCroix v. Marshall County*, 409 Fed. App'x. 794, 803 (5th Cir. 2011). Protected liberty interests "are generally limited to state-created regulations or

statutes which affect the quantity of time rather than the quality of time served by a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). A prisoner's liberty interest protected by the Due Process Clause is "generally limited to freedom from restraint which . . . imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). The protection afforded by the Due Process clause does not extend to every adverse or unpleasant condition experienced by an inmate. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

The Fifth Circuit has stated, "in the specific context of administrative lockdown, we have clearly held that absent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for a constitutional claim." *Hernandez*, 522 F.3d at 562. "In other words, segregated confinement is not grounds for a due process claim unless it 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.' *Id*. (quoting *Sandin*, 515 U.S. at 484). Plaintiff has not shown that the lockdowns implemented at WCCF posed an atypical or significant hardship. *See Hernandez*, 522 F.3d at 562 (holding that "non-disciplinary lockdown is by no means an atypical prison experience); *Gibson v. Hilton*, 2016 WL 8488925, at *4 (W.D. La. Dec. 12, 2016) ("Placement in extended lockdown, without loss of good time, is not an atypical, significant deprivation in which an inmate has a constitutionally protected liberty interest.").

Plaintiff alleges that MDOC policy prohibits medium custody inmates, such as Plaintiff, from being housed under lockdown. However, violations of jail policy and procedure, without more, do not rise to the level of a constitutional deprivation. *See Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986); *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996).

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that:

1. Defendants' Motion for Summary Judgment [22] be DENIED.

2. Plaintiff's claims be DISMISSED with prejudice.

3. A separate judgment in accordance with Federal Rule of Civil Procedure 58 be entered.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject, or modify in whole or in part the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This the 14th day of December, 2021.

s/ Michael T. Parker<br>
United States Magistrate Judge