```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION
```

PAUL WARREN ROBINSON                                      PLAINTIFF

v.                              CIVIL ACTION NO. 5:20-CV-37-DCB-MTP

WARDEN JODY BRADLEY, ET AL                               DEFENDANTS

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation [ECF No. 24], as clarified [ECF No. 25] (collectively, "R&R"), to which Paul Warren Robinson ("Plaintiff") has filed no objections.[1] Magistrate Judge Parker conducted an omnibus screening and case management hearing (i.e., a Spears[2] hearing) on January 20, 2021, in which Plaintiff and counsel to Defendants participated. Having carefully reviewed the R&R, the parties' submissions, and the record (including the hearing transcript),

---

[1] The R&R provided Plaintiff with a "Notice of Right to Object", which warned him of the consequences that result from a failure to object. R&R at 7; see Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1).

[2] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

1

the Court finds that the R&R is well taken and should be adopted as the findings and conclusions of this Court.

Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983 [ECF No. 1] on the grounds that Defendants allegedly violated a Mississippi Department of Corrections lock down policy for medium custody inmates such as Plaintiff.  Defendants answered the complaint and also filed a Motion for Summary Judgment, which is addressed in the R&R.  Plaintiff filed no response to Defendants' Motion for Summary Judgment, and the deadline for doing so has passed.

Magistrate Judge Parker finds that Plaintiff's Complaint for Violation of Civil Rights [ECF No. 1] should be dismissed with prejudice, and the Court agrees.  As explained by the Fifth Circuit: "[I]n the specific context of administrative lockdown, we have clearly held that 'absent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life as a prisoner, will never be a ground for a constitutional claim.'" Hernandez v. Velasquez, 522 F.3d 556, 562 (5th Cir. 2008) (quoting Pichardo v. Kinker, 73 F.3d 612, 612-13 (5th Cir.1996)).  It is the Court's view that this record does not demonstrate the requisite extraordinary circumstances.

Accordingly,

IT IS HEREBY ORDERED AND ADJUDGED that Magistrate Judge Michael T. Parker's Report and Recommendation is ADOPTED as the findings and conclusions of this Court;

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment [ECF No. 22] is GRANTED, and this action is DISMISSED with prejudice.

A Final Judgment shall be entered of even date herewith pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 18th day of January 2022.

    /s/   David Bramlette
UNITED STATES DISTRICT COURT